UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK J. MITCHELL,

    Plaintiff,

v.                              Case No. 3:17cv249-LC-CJK

MICHAEL A. ADKINSON, JR., et al.,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 6). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). The undersigned concludes that *Younger* abstention applies to plaintiff's claims, *see Younger v. Harris*, 401 U.S. 37 (1971), and that the amended complaint should be dismissed for failure to state a claim on which relief may be granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on April 17, 2017, while confined as a pre-trial detainee at the Walton County Jail. (Doc. 1). Plaintiff was transferred to the Santa Rosa County Jail shortly thereafter (doc. 3), but has since returned to the Walton

County Jail.[1]  Plaintiff's amended complaint names two defendants – Steven Park and John Bertram, both investigators with the Walton County Sheriff's Office. (Doc. 6, pp. 1-2).  Plaintiff claims the investigators' unreasonable execution of a search warrant violated his rights under the Fourth Amendment.  Specifically, plaintiff alleges that Bertram obtained a search warrant on August 31, 2016, to place a "pen register" and a "trap and trace" on plaintiff's cellular phone and to obtain records from plaintiff's wireless provider, but the warrant did not extend to the content of any communications using the cellular phone, and was limited to a specific time frame.  Plaintiff claims the defendants exceeded the scope of the warrant by obtaining text messages, videos, pictures and other content, and by obtaining records beyond the time specified in the warrant. (Doc. 6, pp. 5-6).  As relief, plaintiff seeks application of the exclusionary rule to his pending criminal cases.  (*Id*., p. 7).  At the time plaintiff initiated this suit, he had the following criminal matters pending in the Walton County Circuit Court, which remain pending:  Case Nos. 2016-CF-657, 2016-CF-650 and 2016-CF-651 (accessed online this date at https://www.civitekflorida.com/ocrs/app/partyCaseSummary.xhtml);

---

[1]*See Mitchell v. Bertram*, Case No. 3:17cv270-RV-EMT, Doc. 11 (docket entry dated August 6, 2018, reflecting returned mail from the Santa Rosa County Jail); *see also* Walton County Jail online inmate search reflecting plaintiff's custody status as in custody and awaiting trial: http://nwscorrections.waltonso.org/WaltonCounty?Name=mitchell%2C+mark&SubjectNumber= &BookingNumber=&BookingFromDate=&BookingToDate=.

*Case No. 3:17cv249-LC-CJK*

*see also Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (holding that a district court may take judicial notice of documents filed in other judicial proceedings for limited purposes such as noting the subject matter of the litigation and the issues that were decided).

## DISCUSSION

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

It is apparent from the face of plaintiff's amended complaint that *Younger* abstention bars consideration of his claims. The Supreme Court held in *Younger* that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Samuels v. Mackell*, 401 U.S. 66 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (*citing Younger*, 401 U.S. at 45, 53-54). Plaintiff's conclusory allegations do not establish, or support an inference, that his prosecution is motivated by bad faith. *See Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); *see also Trainor*

*v. Hernandez*, 431 U.S. 434, 446-47 (1977) (noting that *Younger* abstention principles counsel against federal court intervention in pending state criminal and civil enforcement proceedings and finding no extraordinary circumstances to justify such intervention in the absence of any suggestion that the pending state enforcement action was brought in bad faith or for the purpose of harassing appellees).

Plaintiff further fails to show that the "irreparable injury" exception applies. *See Younger*, 401 U.S. at 53-54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (*citing Watson v. Buck*, 313 U.S. 387, 402 (1941)); *Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith (*citing Younger*, 401 U.S. at 46)).

Finally, plaintiff has adequate state remedies at his disposal. Plaintiff may raise in a pretrial motion the very exclusionary rule he seeks as relief in this case and failing that, may appeal within the state court system.

Accordingly, it is ORDERED:

The Clerk shall mail a copy of this Order and Report and Recommendation to plaintiff at his address of record (the Santa Rosa County Jail) and to his address at the Walton County Jail: Mark Joshua Mitchell, Inmate #846770, Walton County Jail, 796 Triple G Road, Defuniak Springs, FL 32433.

And it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2. That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida this 5th day of October, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.